#7
Filed 9/16/04

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHARMASTEM THERAPEUTICS, INC., a
Delaware corporation,

    Plaintiff,

v.

CORCELL, INC., a Delaware corporation,
MOLLY MCBRIDE, MD, an individual, and
CARLO M. CROCE, MD, an individual,

    Defendants.

Civil Action No.:04-CV-03651-RK

05 - 156

## PLAINTIFF PHARMASTEM THERAPEUTICS, INC.'S MOTION FOR DEFAULT JUDGMENT

TO DEFENDANTS MOLLY MCBRIDE ("McBride") and CARLO M. CROCE ("Croce") and CORCELL, INC. ("CorCell"), and their Attorneys of Record:

PLEASE TAKE NOTICE THAT Plaintiff, PHARMASTEM THERAPEUTICS, INC. ("Plaintiff" or "PharmaStem") hereby applies to the Court for a default judgment against defendants Croce and McBride. The clerk has previously entered the default against defendants Croce and McBride on September 8, 2004.

PharmaStem is entitled to judgment against defendants Croce and McBride on the claim of patent infringement pleaded against Croce and McBride in the Complaint. PharmaStem seeks a permanent injunction against defendants Croce and McBride to prevent any further acts of infringement, in the form filed herewith. PharmaStem also seeks reasonable attorney's fees and costs incurred.

0916040028318[del mot-2]

This Motion is based on the Accompanying Memorandum of Law and the Declaration of Michael LiPuma, and any related pleadings and filings, all of which are incorporated by reference herein.

DATED: September 16, 2004

By: _____
Michael D. LiPuma, Atty. I.D. #74790
Law Office of Michael LiPuma
Two Penn Center, Suite 200
Philadelphia, PA 19102
Attorneys for Plaintiff
PharmaStem Therapeutics, Inc.

OF COUNSEL:
PAUL J. ANDRE, Bar No. 196585
LISA KOBIALKA, Bar No. 191404
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

091604/0028318[dpr mot-2]

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CORCELL, INC., a Delaware corporation, MOLLY MCBRIDE, MD, an individual, and CARLO M. CROCE, MD, an individual,<br><br>Defendants. | Civil Action No.:04-CV-03651-RK |

**PLAINTIFF PHARMASTEM THERAPEUTICS, INC. 'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT**

### PRELIMINARY STATEMENT

Plaintiff PharmaStem Therapeutics, Inc. ("Plaintiff" or "PharmaStem") submits this brief in support of its request for an entry of default judgment of liability against defendants Molly McBride ("McBride") and Carlo M. Croce ("Croce") (collectively, "Defendants") pursuant to the clerk's entry of defaults against McBride and Croce, each dated September 8, 2004. Defendants failed to respond to PharmaStem's Complaint for Patent Infringement, or to appear in the above-captioned case, within the time period required under the Federal Rules of Civil Procedure. PharmaStem therefore seeks a default judgment against Defendants from the Court, pursuant to Fed. R. Civ. P. 55.

PharmaStem is the owner of United States Patent No. 6,569,427 B1 (the "'427 Patent") entitled "Isolation and Preservation of Fetal and Neonatal Hematopoietic Stem and Progenitor Cells of the Blood." PharmaStem's '427 Patent is directed to a method of using and storing cryopreserved

1

compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained from the umbilical cord or placental blood of a newborn human ("Cord Blood") for therapeutic uses.

Defendants' infringement of the '427 Patent is the subject matter of the above-captioned case. (PharmaStem's Complaint for Patent Infringement filed July 28, 2004 ("Complaint"), ¶¶ 1-20). On August 12, 2004 and August 13, 2004, respectively, defendants Croce and McBride were each properly served with the Summons and Complaint. (Declaration of Michael D. LiPuma ("LiPuma Decl.") at ¶¶ 3-4; Exhibits A and B to LiPuma Decl.). Neither McBride nor Croce, however, have appeared before this Court in this action, nor explained their failure to answer or defend against PharmaStem's Complaint.

Defendants should not be allowed to continue to infringe PharmaStem's '427 Patent by simply avoiding the law altogether. Because PharmaStem has important and substantial rights at stake in the present action, a default judgment of liability should be entered against each of the Defendants. The Court should not hesitate to impose a permanent injunction to prevent Defendants from continuing infringing activities, and to award attorney's fees and costs to PharmaStem.

### STATEMENT OF FACTS

PharmaStem's predecessor company pioneered the field of cord blood banking and, in doing so, sought and obtained several patents. The '427 Patent is one such patent and is directed to a method of using and storing Cord Blood for therapy in humans. (Complaint, ¶ 9). PharmaStem brought this action against defendants McBride and Croce because they, as physicians, have collected Cord Blood which was processed, cryopreserved, and stored for future therapeutic use by ViaCell, Inc., Cord Blood Registry, Inc., Cryo-Cell International, Inc. and/or CorCell, Inc. (collectively, the "Unlicensed Cord Blood Banks"), and have promoted the Cord Blood services offered by the Unlicensed Cord Blood Banks. When the Unlicensed Cord Blood Banks receive the Cord Blood collected by Defendants, the

Cord Blood is processed, cryopreserved, and stored by the Unlicensed Cord Blood Banks for future therapeutic use. Defendants therefore have been, and continue to, infringe the '427 Patent, under 35 U.S.C. § 271, by making, using, selling and/or offering to sell the methods claimed in the '427 Patent, and will continue to do so until enjoined by the Court. Furthermore, Defendants' infringement of the '427 Patent has been, and continues to be, willful and deliberate, and has injured and continues to injure PharmaStem.

On August 13, 2004, PharmaStem properly served defendant McBride with the Summons and Complaint. (LiPuma Decl., ¶ 4). On August 12, 2004, PharmaStem properly served defendant Croce with the Summons and Complaint. (Id., ¶ 3). Defendants, however, have never appeared before this Court nor explained their failure to answer or defend against PharmaStem's Complaint. (Id., ¶ 7). Subsequently, PharmaStem requested and was granted an entry of default against McBride and an entry of default against Croce by Order of this Court on September 8, 2004. (Id., ¶ 8, Exhibits C and D to LiPuma Decl.) PharmaStem submits this brief in support of its requests for an entry of default judgment of liability against McBride and Croce pursuant to the clerk's entry of default against them on September 8, 2004, in order to clear the way to enjoin Defendants from continuing to infringe PharmaStem's '427 Patent, and to seek such other relief as pled in the Complaint and that this Court may deem proper and just.

## ARGUMENT

### I. PharmaStem's '427 Patent is Entitled to a Presumption of Validity.

35 U.S.C. §282 states that a "patent shall be presumed valid" and that "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." The presumption of validity exists at every stage of the litigation. "[W]here the challenger fails to identify any persuasive evidence of invalidity, the very existence of the patent satisfies the patentee's

burden on the validity issue." *Canon Computer Sys., Inc. v. Nu-Kote Intl. Inc.,* 134 F.3d 1085, 1088 (Fed. Cir. 1998). Thus, PharmaStem's '427 Patent is entitled to a presumption of validity.

## II. Defendants Infringe PharmaStem's '427 Patent.

PharmaStem's '427 Patent is directed to methods of using Cord Blood in the therapy of humans. (Complaint, ¶ 9). PharmaStem brought this action against Defendants because Defendants, as physicians, have collected Cord Blood which was processed, cryopreserved, and stored for future therapeutic use by one or more of the Unlicensed Cord Blood Banks, and have promoted the Cord Blood services offered by the Unlicensed Cord Blood Banks. (Complaint, ¶ 11-12).

For example, the website of CorCell, Inc. (CorCell is a defendant in this case and an unlicensed Cord Blood Bank) includes a testimonial from defendant McBride under the heading "Why They Chose CorCell...Testimonials from Doctors" in which McBride states admits that she has collected Cord Blood for CorCell, Inc. and promotes the Cord Blood services offered by CorCell, Inc., thereby infringing the '427 Patent. Specifically, McBride states: "As a physician I have found [CorCell's] collection kit to be by far the most user-friendly. I am always able to get more than an adequate sample of cord blood with [CorCell's umbilical cord blood collection] kit." (Exhibit E to LiPuma Decl.). Similarly, defendant Croce also admits on the CorCell website that he has collected Cord Blood for CorCell, Inc., and also promotes the Cord Blood services of CorCell, Inc. (*Id.*) ("And I was particularly impressed by how easy CorCell made the collection.").

Defendants, therefore, have been, and continue to infringe the '427 Patent under 35 U.S.C. § 271 by making, using, selling and/or offering to sell the methods claimed in the '427 Patent, and will continue to do so until enjoined by the Court. Furthermore, Defendants' infringement of the '427 Patent has been, and continues to be, willful and deliberate and has injured and continues to injure PharmaStem. Thus, Defendants' collection Cord Blood for storage and processing in connection with

091604/001331(bri re default)

4

the Unlicensed Cord Blood Banks, and Defendants' promotion of the Cord Blood services offered by the Unlicensed Cord Blood Banks, infringes on claims contained in PharmaStem's '427 Patent.

III.   Effect of Defendants' Default.

    A.   **Defendants should be deemed to have admitted each and every factual allegation of infringement set out in the complaint.**

On a motion for entry of default judgment, allegations of fact in the complaint are taken as true unless they are contradictory on the document's face. The party in default is deemed to have admitted each and every factual allegation of infringement set out in the complaint. *Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983). Accordingly, for the purposes of default, Defendants should be deemed to have admitted each and every factual allegation of infringement set out against it in PharmaStem's Complaint. In particular, PharmaStem alleges that Defendants have been and are still infringing, contributorily infringing and/or inducing the infringement of the '427 Patent by making, using, selling and/or offering for sale methods claimed in the '427 Patent, and will continue to do so unless enjoined by this Court; that Defendants' infringement of the '427 Patent has injured and continues to injure PharmaStem, unless enjoined by the Court; and, that Defendants' infringement of the '427 Patent has been and continues to be willful and deliberate. (Complaint, ¶¶ 9-12, 17-20).

    B.   **PharmaStem is entitled to a determination of liability against Defendants.**

The default itself establishes Defendants' liability. "Upon default the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). *See also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2nd Cir. 1992) (if proximate cause is properly alleged in the complaint, it is admitted upon

default). Accordingly, as discussed above, PharmaStem has properly alleged Defendants' liability surrounding their unauthorized infringement of the '427 Patent.

Under 35 U.S.C. §271:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent.

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

(c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination of composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

Therefore, as pled in its Complaint, PharmaStem is entitled to a determination of liability against Defendants for each of their infringement of the '427 Patent, as discussed above.

IV. **PharmaStem is Entitled to Entry of Judgment by Default Against Defendants.**

A district court in the Third Circuit is required to "make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3rd Cir. 1987). "The applicable factors that the district court must consider are: (1) whether [denying or] lifting the default would prejudice the plaintiff, (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting Defendants' conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Id.* at 73.

### A.  Denying default will prejudice PharmaStem.

As discussed above and in its Complaint, PharmaStem has been and will continue to be injured by Defendants' conduct until Defendants are enjoined from engaging in activity which infringes upon PharmaStem's '427 Patent. "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *H. F Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). Whereas PharmaStem has been diligently prosecuting its suit against Defendants, Defendants have been and continue to be completely unresponsive. In this situation, denial of a default judgment prejudices PharmaStem by allowing Defendants to continue to infringe on PharmaStem's '427 Patent with impunity. On this basis, PharmaStem is entitled to an entry of default judgment of liability in its favor.

### B.  Defendants have no *prima facie* meritorious defense.

As Defendants have not appeared in any way before this Court to answer or defend against the allegations contained in PharmaStem's Complaint, Defendants have proffered no defense whatsoever. On this basis, PharmaStem is entitled to an entry of default judgment of liability in its favor.

### C.  Defendants' conduct is culpable.

Courts have previously held that a Fed. R. Civ. P. 55(b) motion for default judgment for failure to defend should be granted if the Defendants' culpable conduct led to the default and that the court need not consider whether the defendant established a meritorious defense or whether plaintiff would suffer prejudice if the judgment were denied or set aside when the defendant engaged in culpable conduct. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *see also Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). The court in *Alan Neuman*