

# 8

filed 9/20/04

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHARMASTEM THERAPEUTICS, INC., )
)
      Plaintiff, )
)       0 5 - 1 5 6
    v. )     Civil Action No. 2:04-CV-03561-RK
)
CORCELL, INC., et al., )
)
      Defendants. )

## MOTION OF DEFENDANTS MOLLY MCBRIDE, M.D. AND CARLO M. CROCE, M.D. TO SET ASIDE AND IN OPPOSITION TO ENTRY OF DEFAULT

        Defendants Molly McBride, M.D. ("McBride") and Carlo M. Croce, M.D. ("Croce") (collectively, "Defendants"), by and through their undersigned attorneys, Dilworth Paxson LLP, hereby move to set aside the default entered by the Clerk of Court on September 9, 2004 and oppose the motion of plaintiff, PharmaStem Therapeutics, Inc. ("PharmaStem") for entry of default judgment. In support of this Motion, the moving Defendants rely on the accompanying Memorandum of Law and Declarations of Carlo Croce, M.D., Molly McBride, M.D. and Amber Lum, which are submitted herewith and incorporated herein by reference.

                                   _____
                                 James J. Rodgers (PA ID No. 21635; JR797)
                                 Evelyn H. McConathy (PA ID No. 68299)
                                 Darryl W. Shorter (PA ID No. 87554)
                                 Dawn N. Zubrick (PA ID No. 90732)
                                 DILWORTH PAXSON LLP
                                 3200 Mellon Bank Center
                                 1735 Market Street
                                 Philadelphia, PA 19103
                                 (215) 575-7000
                                 Attorneys for Defendants

Dated: September 20, 2004

556395_1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHARMASTEM THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:04-CV-03561-RK |
| | ) | |
| CORCELL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS MOLLY
MCBRIDE, M.D. AND CARLO M. CROCE, M.D. TO SET ASIDE ENTRY OF
DEFAULT AND IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT**

Defendants Molly McBride, M.D. ("McBride") and Carlo M. Croce, M.D. ("Croce")

(collectively, the "moving Defendants"), through their undersigned counsel, Dilworth Paxson

LLP, hereby submit the following Memorandum of Law in Support of their Motion to Set Aside

Entry of Default and in Opposition to Motion for Default Judgment.

**I.    FACTUAL BACKGROUND**

PharmaStem Therapeutics, Inc. ("PharmaStem" or "Plaintiff") filed this action on July

28, 2004, asserting claims against CorCell, Inc. ("CorCell") and the moving Defendants for

patent infringement. On September 8, 2004, without prior notice to the moving Defendants,

Plaintiff requested that the Clerk of Court enter default against the moving Defendants for failure

to serve a responsive pleading to its Complaint. The Clerk entered the default on September 9,

2004. Contemporaneous with the filing of this Motion, defendant Croce's Answer to the

2

complaint has been filed and served (jointly with defendant CorCell) and defendant McBride has filed and served a Motion to Dismiss for Lack of Personal Jurisdiction.

Plaintiff's request for entry of default averred that defendants Croce and McBride were served with the Summons and Complaint on August 12 and August 13, 2004, respectively. On August 16, Defendants' counsel, James J. Rodgers, and plaintiff's lead counsel, Paul Andre, exchanged emails regarding Mr. Rodgers' request for a brief extension of time for response to the complaint on behalf of CorCell. *See* Email chain from Andre to Rodgers, dated August 16, 2004 (the "August 16 Email") (attached hereto as Exhibit A). Although Mr. Andre expressed his understanding that the individual defendants had not been served at that time, Mr. Andre did not advise Mr. Rodgers that plaintiff believed that the individuals had already been served. The specific facts regarding the attempts to serve the individual defendants are set forth below:

### A.    Defendant Croce.

Plaintiff claims that Croce was personally served with a copy of the Summons and Complaint on August 12, 2004. However, Croce was never personally served with the Summons and Complaint. *See* Declaration of Carlo M. Croce, M.D. ¶ 4 (hereinafter "Croce Dec.") (attached hereto as Exhibit B). Dr. Croce first received a copy of the complaint from his counsel in late August and did not became aware of plaintiff's claim that he had beef served until after the request for default was filed. *See id.* ¶¶ 2, 3.

### B.    Defendant McBride.

Plaintiff apparently attempted first to serve the Summons and Complaint upon Dr. McBride at an incorrect address in the Commonwealth of Pennsylvania. On or about August 13, 2004, upon learning that Dr. McBride's medical practice was located in Delaware (which could have been ascertained in a brief Internet search) plaintiff apparently attempted to serve Dr.

3

McBride at her office in Newark, Delaware. The Summons and Complaint were signed for by Amber Lum ("Lum"), the receptionist at the medical office where McBride practices. This was the first time that Lum had ever signed for anything at the medical office, and she did not know what to do with the package. Declaration of Amber Lum ¶ 2 (hereinafter "Lum Dec.") (attached hereto as Exhibit C). Lum gave the package to Thomas Mieszala, the Practice Administrator of the medical office. Declaration of Thomas A. Mieszala ¶¶ 1, 2 (hereinafter "Mieszala Dec.") (attached hereto as Exhibit D). Dr. McBride did not see the package at that time. Mieszala Dec. ¶ 4. It was not until September 13, 2004 that McBride learned from counsel that she had purportedly been served the Summons and Complaint on August 13, 2004. Declaration of Molly McBride, M.D. ¶ 4 (hereinafter "McBride Dec.") (attached hereto as Exhibit E). Upon further learning that the application for default had been entered against her on September 9, 2004, McBride expeditiously acted in response to these claims.

## II.    ARGUMENT

The defaults should be set aside because plaintiff PharmaStem will suffer no prejudice by McBride or Croce's late filing of their responsive pleadings, because both Defendants McBride and Croce have meritorious defenses to the claims asserted, and because the late filing of the responsive pleadings was not the result of culpable conduct.

### A. The Rule 55 (c) Standard.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default . . .." Fed. R. Civ. P. 55 (c). This provision vests the court with "broad discretion in deciding whether to set aside an entry of default." Momah v. Albert Einstein Med. Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995); see also Harad v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3d Cir. 1988). The entry of default is not favored,

4

and the courts employ a "standard of liberality" that resolves all doubt in favor of setting aside the default and ruling for the movant. Dizzley v. Friends Rehabilitation Program, Inc., 202 F.R.D. 146, 147 (E.D. Pa. 2001); see also Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987). Requests to set aside the entry of default are liberally granted because the interests of justice are best served by obtaining a decision on the merits. See Momah, 161 F.R.D. at 307.

In determining whether to set aside a default,[1] the Court must consider (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a meritorious defense; (3) whether the defendant's conduct is excusable or culpable; and (4) whether alternative sanctions would be effective.[2] See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); Dixon, 185 F.R.D. at 208 (setting aside a default judgment entered two years before motion to set aside was filed); Momah, 161 F.R.D. at 307. Here, all of these factors weigh in favor of setting aside the defaults entered against Defendants McBride and Croce.

**B.    PharmaStem Will Not Suffer Any Prejudice If The Default Is Set Aside.**

In this case, Plaintiff will clearly suffer no prejudice if the default is set aside. Prejudice to the plaintiff occurs when setting aside the default would hinder the plaintiff's ability to pursue its claims through loss of evidence, fraud, or substantial reliance on the default. See Emcasco, 834 F.2d at 74; Feliciano, 691 F.2d at 657. No such prejudice can be asserted here.

Because the courts regard an entry of default with disfavor, PharmaStem must show more than conclusive assertions of prejudice. See Dizzley, 202 F.R.D. at 147. PharmaStem has

---

[1] While the same factors apply when vacating an entry of default as when vacating default judgment, less substantial grounds are adequate for setting aside a default than would be required for opening a judgment. See Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 656 (3d Cir. 1982).
[2] The possibility of effective alternative sanctions is not an appropriate factor to consider when the default was not entered as a sanction in the first place. See Dixon v. Philadelphia Hous. Auth., 185 F.R.D. 207, 209 n.3 (E.D. Pa. 1999). Thus, the fourth factor is not relevant in this instance.

asserted in its praecipes for default that McBride's responsive pleading should have been served on or before September 2, 2004; and that Croce's responsive pleading should have been served on or before September 1, 2004. A three-week delay does not establish prejudice to the plaintiff. See id. at 148 (three-month delay, without more, does not establish prejudice). Nor does the fact that the plaintiff will be required to further litigate the action on the merits constitute prejudice. See Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc., 192 F.R.D. 171, 174 (E.D. Pa. 2000). Because PharmaStem will not be able to establish prejudice, this factor weighs heavily in favor of setting aside the defaults. PharmaStem will have to litigate this case against CorCell in any event.

### C. Defendants Assert Meritorious Defenses To PharmaStem's Complaint That, If Successful, Bar Recovery By PharmaStem.

Defendants McBride and Croce both assert meritorious defenses in their responsive pleadings and in this Motion. A meritorious defense is "one which, if established at trial, would completely bar plaintiff['s] recovery." Momah, 161 F.R.D. at 307 (citation omitted). The Court "need not speculate as to the ultimate success of any of these defenses; to weigh in favor of setting aside the default, it is enough that they are not 'facially unmeritorious'." Dixon, 185 F.R.D. at 209 (quoting Emcasco, 834 F.2d at 74). In its Complaint, PharmaStem asserts that Defendants McBride and Croce are liable for infringement, contributory infringement and inducement of infringement. *See* Complaint ¶ 18. As demonstrated below, both Defendant McBride and Croce have meritorious defenses and should be dismissed from this action.

### 1. McBride.

As detailed in the Memorandum of Law In Support of Defendant McBride's Motion to Dismiss (filed contemporaneously herewith and incorporated herein by reference), the Complaint should be dismissed against Defendant McBride for lack of personal jurisdiction. McBride is a

6

Delaware resident who does not maintain an office, conduct business or employ personnel in the State of Pennsylvania. McBride therefore lacks the minimum contacts required for due process, and this Court cannot properly exercise jurisdiction upon her.

Furthermore, service was not properly made upon Defendant McBride; thus, no duty to respond has ever arisen. PharmaStem attempted to serve McBride at the medical office where she works. Pursuant to Federal Rule of Civil Procedure 4(e),

> service upon an individual . . . may be effected in any judicial district . . . (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction in the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode, .or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, service may have been made pursuant to Pennsylvania law, as the law of the state in which this Court is located, or pursuant to Delaware law, as the state in which service is effected.

Here, the service of process attempted to be made on McBride is improper under both Pennsylvania and Delaware law. Service of process upon an individual under Pennsylvania law is accomplished by handing a copy "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a)(2)(iii). The Summons and Complaint were given to Lum, the receptionist at the medical office. Although Lum is authorized to accept packages for the medical office, this was the first package she had ever signed for and did not know what to do with the package. *See* Lum Dec. ¶ 2. The case law makes clear that service upon  a receptionist at the defendant's place of business does not ordinarily satisfy Pa. R. Civ. P. 402(a)(iii). See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 486 (3d Cir. 1993) (noting that service of process on receptionist

7

whose duties included accepting mail and taking telephone messages for defendants was insufficient).

Delaware Superior Court Rule of Civil Procedure 4(f) mimics Federal Rule of Civil Procedure 4(e)(2). There is no evidence that Plaintiff attempted to serve McBride "personally" or by leaving copies at her "dwelling house or usual place of abode ." See East Coast Insulation Sales Co. v. Stevenson, 1990 WL 91119, at *2 (Del. Super. Jun. 29, 1990) (noting that nothing in the record indicated that the plaintiff attempted to serve defendant at his home or usual place of abode or tried to locate that address). Furthermore, Lum was not an "agent authorized to receive service of process." See Paras v. Correctional Medical Services, Inc., 2002 WL 31260071 (Del. Super. Oct. 3, 2002) (noting that delivery of suit papers to the receptionists at law firms did not constitute effective service of process upon individual defendant lawyers).

By establishing that this Court does not have jurisdiction over her, and further, that service was improperly effected upon her, McBride will have a complete defense to PharmaStem's claims. This factor weighs in favor of setting aside the default entered against Defendant McBride.

2.    **Croce.**

The facts will also demonstrate that Defendant Croce has a meritorious defense. Croce has today filed and served an Answer that articulates a meritorious defense. The Complaint alleges that "Croce has collected Cord Blood which was processed, cryopreserved, and stored for future therapeutic use by CorCell and/or its agents." Complaint ¶ 12. In fact, Croce is not licensed to practice medicine in the Commonwealth of Pennsylvania and has never collected cord blood. By demonstrating that Croce has not collected cord blood, contrary to plaintiff's allegations, Croce will have a complete defense to PharmaStem's claims, as established in the

8

recent decision of the United States District Court for the District of Delaware in the related case of PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al., No. 02-148 GMS (D. Del. September 15, 2004). This case holds, *inter alia*, that a person or entity cannot be liable for contributory infringement of a related PharmaStem patent who does not sell, or offer to sell, cord blood. This factor weighs in favor of setting aside the default entered against Defendant Croce (and Dr. McBride as well).

### D. Defendants' Failure To Timely Answer The Complaint Does Not Indicate Culpable Conduct.

The third and final factor the Court must consider is the Defendants' culpability. Defendants' delay in filing their responsive pleadings is excusable and not the result of any culpable conduct. Culpable conduct surpasses mere negligence and consists of willful, intentional, reckless or bad faith behavior. See Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984); Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 124 (3d Cir. 1983); Dizzley, 202 F.R.D. at 148 (culpable conduct is dilatory behavior that is willful or in bad faith that must appear independently in the record). More than mere negligence is required. See Momah, 161 F.R.D. at 308. Reckless or intentional disregard for communications from the plaintiff or the court must be exhibited by the defendant to establish culpability. See East Coast Express, Inc. v. Ruby, Inc., 162 F.R.D. 37, 40 (E.D. Pa. 1995)(citing Hritz, 732 F.2d at 1182).

Here, both McBride and Croce's actions illustrate that their late filing of the responsive pleadings is not the result of culpable behavior. As previously noted, the receptionist who signed on behalf of McBride had not ever signed for anything at the medical office before and did not know what to do with the package. *See* Lum Dec. ¶ 2. McBride never actually saw the package, but assumed that it was something that her counsel was handling. *See* Mieszala Dec. ¶¶ 4, 5. Accordingly, Mieszala placed the package in a file. *Id.* ¶ 5. When Defendants McBride

9

and Croce learned, through counsel, that a default had been entered against them, both took timely action to respond. Default was entered on Thursday, September 9, 2004, and this motion is being filed just nine business days later, on the same date to which plaintiff had agreed to extend CorCell's response to the complaint. Additionally, on August 16, 2004, days after Plaintiff's purported attempt to serve both individual Defendants, counsel for Defendants contacted counsel for Plaintiff to ask for an extension of time to file an Answer for CorCell, another defendant in this action. In so requesting, counsel for the moving Defendants specifically noted that "I don't think the individual defendants have been served yet, anyway." *See* August 16 Email. In response, counsel for Plaintiff merely agreed to grant the extension and did not dispute the absence of service upon the individual defendants. *See* August 16 Email (where Plaintiff's counsel responds, "Sure, whatever time you need (within reason) is fine."). This discussion further demonstrates the lack of willful conduct on the part of the Defendants. Because Defendants' failure to respond to the Complaint was not the result of culpable behavior, this factor also weighs in favor of setting aside the entry of default.

## III.   CONCLUSION

In summary, because Plaintiff will suffer absolutely no prejudice from the short delay, because the neglect was excusable rather than intentional, and because Defendants assert meritorious defenses to this action, Defendants McBride and Croce respectfully request that this Court grant this Motion and set aside the defaults, and that no default judgment should be entered.

10

556395_1

James J. Rodgers (PA ID No. 21635; JR797)
Evelyn H. McConathy (PA ID No. 68299)
Darryl W. Shorter (PA ID No. 87554)
Dawn N. Zubrick (PA ID No. 90732)
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(215) 575-7000
Attorneys for Defendants

Dated: September 20, 2004

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2004, a true and correct copy of the foregoing Motion of Defendants Molly McBride, M.D. and Carlo M. Croce, M.D. to Set Aside and In Opposition to Entry of Default and Memorandum of Law in Support of Motion of Defendants Molly McBride, M.D. and Carlo M. Croce, M.D. to Set Aside and In Opposition to Entry of Default were served by first class mail on the following counsel of record:

        Michael D. LiPuma, Esq.
        Two Penn Center
        Suite 200
        Philadelphia, PA 19103

        Paul J. Andre, Esquire
        Perkins Coie, LLP
        101 Jefferson Drive
        Menlo Park, CA 94025

        James J. Rodgers (PA Id. No. 21635) (JR797)

# EXHIBIT A

**Rodgers, James J.**

| | |
|---|---|
| From: | Andre, Paul-MP [PAndre@PerkinsCole.com] |
| Sent: | Monday, August 16, 2004 7:26 PM |
| To: | Rodgers, James J. |
| Subject: | RE: PharmaStem litigations |

Sure, whatever time you need (within reason) is fine.

-----Original Message-----
From: Rodgers, James J. [mailto:jrodgers@dilworthlaw.com]
Sent: Monday, August 16, 2004 10:55 AM
To: Andre, Paul-MP
Subject: PharmaStem litigations

Paul,

    Rumor has it that you have granted one of the defendants an extension to September 13 to respond to the latest complaint. I would like to request the same for CorCell in the ED Pa action. I don't think the individual defendants have been served yet, anyway.

                    Jim Rodgers

www.DilworthLaw.com

This E-Mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this communication in error, please do not distribute it and notify us immediately by email: postmaster@dilworthlaw.com or via telephone: 215-575-7000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHARMASTEM THERAPEUTICS, INC.,    )
                                  )
          Plaintiff,              )
                                  )
    v.                            )    Civil Action No.
                                  )
CORCELL, INC.,                    )
                                  )
          Defendants.             )

### Declaration of Carlo M. Croce, M.D.

CARLO M. CROCE, M.D., hereby declares, under penalty of perjury, as follows:

1.      I am presently employed as Director of the Kimmel Cancer Institute and the Kimmel Cancer Center of Thomas Jefferson University, and a Professor of Microbiology and Immunology at Jefferson. I am a research scientist engaged in studying the genetic origins of certain human cancers.

2.      I have been informed by my counsel that I have been named as a defendant in this lawsuit. I received a copy of the complaint from my counsel in mid-August, 2004.

3.      I have further been informed by my counsel that the plaintiff in the case has requested that a default be entered against me because I failed to respond to the summons and complaint in the case.

4.      I have further been informed by my counsel that the plaintiff in the case has claimed that I was personally served with a copy of the summons and complaint on August 12, 2004. This claim is false. I was not personally served with a copy of the summons and complaint on August 12, 2004, or at any other time.

Dated: September ___, 2004

Carlo M. Croce, M.D.

# EXHIBIT C

## Declaration of Amber Lum

AMBER LUM, hereby declares, under penalty of perjury, as follows:

1.    I am presently employed as a receptionist at the medical office of All About Women Obstetrics and Gynecology ("All About Women"), which has its offices in Newark, Delaware. I work in the same office as Dr. Molly McBride, a defendant in the action entitled *PharmaStem Therapeutics, Inc. v. Corcell, Inc., et al.*, C.A. No. 2:04-CV-03561-RK.

2.    In mid-August, 2004, someone brought a package to All About Women, addressed to Dr. McBride. I signed for this package. This was the first time I had ever signed for anything as a receptionist at All About Women.

3.    I did not know what the package was, nor did I know what to do with the package.

4.    I asked another doctor at All About Women what to do with the package, and she told me to give it to Thomas A. Mieszala, the Practice Administrator at All About Women. I thereafter brought the package to Mr. Mieszala.

5.    I did not know or inquire anything further about the package, until September 13, 2004, when Dr. McBride's counsel informed us that a default had been entered against her in the above-referenced litigation.

Dated: September 20, 2004

Amber Lum

556188_1

# EXHIBIT D

Sep 20 0  08:53a      DILWORTH PAXSON LLP      (215)575-7200      p.2

## Declaration of Thomas A. Mieszala

THOMAS A. MIESZALA, hereby declares, under penalty of perjury, as follows:

1.       I am presently employed as the Practice Administrator of the medical office of All About Women Obstetrics and Gynecology ("All About Women"), which has its offices in Newark, Delaware.  I work in the same office as Dr. Molly McBride, a defendant in the action entitled *PharmaStem Therapeutics, Inc. v. Corcell, Inc., et al.*, C.A. No. 2:04-CV-03561-RK.

2.       In mid-August, 2004, Amber Lum, a receptionist at the All About Women medical office, brought me a package for which she had signed on behalf of Dr. McBride.

3.       I advised Dr. McBride that a package had been received relating to the PharmaStem litigation.

4.       Upon my knowledge, Dr. McBride did not see or review the contents of the package.

5.       When Dr. McBride told me that her counsel was handling the PharmaStem litigation, I assumed that her counsel was taking care of the matter.  I thereafter placed the package in a file drawer and did not discuss the package or review the package until September 13, 2004, when Dr. McBride's counsel informed us that a default had been entered against her in the matter.

Dated:  September 20, 2004

_____
Thomas A. Mieszala

556170_1

# **EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHARMASTEM THERAPEUTICS, INC., )
 )
   Plaintiff, )
 )
  v. ) Civil Action No.
 )
CORCELL, INC., )
 )
   Defendants. )

### Declaration of Molly McBride, M.D.

MOLLY MCBRIDE, M.D., hereby declares, under penalty of perjury, as follows:

1. I am an obstetrician/gynecologist practicing as part of All About Women Obstetrics and Gynecology, which has its offices in Newark, Delaware. I have practiced medicine in the State of Delaware for approximately 4 ½ years.

2. In late August, 2004, I was informed by my counsel that I have been named as a defendant in this lawsuit. I received a copy of the complaint from my counsel at that time.

3. Until September 13, 2004, I had no knowledge that the plaintiff in the case requested that a default be entered against me because I failed to respond to the summons and complaint in the case, and that such default was entered against me on September 9, 2004.

4. I have further been informed by my counsel that the plaintiff in the case has claimed that I was personally served with a copy of the summons and complaint on August 13, 2004, by leaving a copy of the summons and complaint with someone at the medical office where I work. I was not personally served with a copy of the summons and complaint on August

13, 2004, or at any other time.  I did not become aware of the purported service at my office until September 13, 2004.

Dated:  September 14, 2004

Molly McBride, M.D.