#10
.9/2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHARMASTEM THERAPEUTICS, INC., )
)                    05 - 156
Plaintiff,          )
)
v.                       )   Civil Action No. 2:04-CV-03561-RK
)
CORCELL, INC., et al.,        )
)
Defendants.         )

### DEFENDANT MCBRIDE'S MOTION TO DISMISS

Defendant Molly McBride, M.D. ("McBride"), by and through her undersigned attorneys, Dilworth Paxson LLP, hereby moves to dismiss the Complaint against her pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

In support of this Motion, Defendant McBride relies on the accompanying Memorandum of Law, which is submitted herewith and incorporated herein by reference.

James J. Rodgers (PA ID No. 21635; JR797)
Evelyn H. McConathy (PA ID No. 68299)
Darryl W. Shorter (PA ID No. 87554)
Dawn N. Zubrick (PA ID No. 90732)
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(215) 575-7000
Attorneys for Defendant Molly McBride, M.D.

Dated: September 20, 2004

556479_1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:04-CV-03561-RK |
| ) | |
| CORCELL, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MCBRIDE'S MOTION TO DISMISS

Defendant Molly McBride, M.D. ("McBride") submits this memorandum in support of her motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Defendant McBride is a Delaware resident who does not maintain an office, conduct business or employ personnel in Pennsylvania. Accordingly, the Complaint should be dismissed against McBride for lack of personal jurisdiction.

### BACKGROUND

Plaintiff PharmaStem Therapeutics, Inc. ("PharmaStem") commenced this action on July 28, 2004 as part of a pattern of activity designed to extort license payments from all of the leading competitors in the market for the private storage of umbilical cord blood in the United States. Umbilical cord blood, which is collected at the birth of a child, can be preserved for possible future use as an alternative to a bone marrow transplant. Umbilical cord blood, and the stem cells found within it, are also the subject of extensive research into new medical applications.

PharmaStem is the owner of a series of five United States Patents that relate to the cryo-preservation, storage and therapeutic use of stem cells derived from umbilical cord blood, two of

555740_1

which are asserted as the basis for this action: U.S. Patent No. 6,461,645 B1 (the "'645 Patent") and the '427 Patent. In this action, Pharmastem alleges that CorCell, Inc. ("CorCell"), a cord blood bank, has infringed, contributorily infringed and induced infringement of the '645 Patent. Pharmastem also asserts that defendants CorCell and Drs. McBride and Croce have infringed, contributorily infringed and induced infringement of the '427 Patent. The sole operative allegation of the Complaint with regard to Dr. McBride is that "[u]pon information and belief, McBride has collected Cord Blood which has been processed, cryopreserved and stored for future therapeutic use by CorCell and/or its agents." Complaint ¶ 11.

## JURISDICTIONAL FACTS

McBride is an obstetrician/gynecologist who practices as part of All About Women Obstetrics and Gynecology, which maintains its office in Newark, Delaware. Declaration of Molly McBride, M.D. ¶ 1 (hereinafter "McBride Dec.") (attached hereto as Exhibit A). McBride is a resident of Wilmington, Delaware, and does not maintain either a place of business or personal address in Pennsylvania. McBride Dec. ¶ 2.

McBride has practiced medicine exclusively within the State of Delaware for approximately four and one-half years. *Id.* ¶ 1. McBride has not collected umbilical cord blood within the State of Pennsylvania since May 27, 2003. *Id.* ¶ 4. On occasions in which she has collected umbilical cord blood at the request of patients wishing to have it stored, McBride collects the blood in the kit that was provided to her. *Id.* ¶ 5. While McBride's practice charges the patient for the collection service, neither she nor her practice has any economic relationship with Corcell itself, or with any other cord blood bank. *Id.*

## ARGUMENT

In deciding a motion to dismiss based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the Court will accept the allegations of the complaint as true. *See Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). Once a defendant raises a jurisdictional defense, however, the plaintiff bears the burden of proving that jurisdiction is proper. *See id.* The plaintiff must establish the required contacts with particularity and may not rely upon general averments in the bare pleadings. *See Stevens v. Meaut*, 264 F.Supp.2d 226, 229 (E.D. Pa. 2003). Thus, PharmaStem cannot rely upon the general and conclusory allegations set forth in the Complaint. Rather, it is obligated to provide sufficient facts and evidence to prove that this Court may properly assert jurisdiction over McBride. As the foregoing facts demonstrate, this it cannot do.

This Court lacks personal jurisdiction over McBride under the Pennsylvania Long-Arm Statute and the Due Process Clause of the United States Constitution. It is well established that a court may act only if it has jurisdiction over the person of the defendant.

A district court may exercise personal jurisdiction over a nonresident defendant to the extent allowed by the law of the forum state. *See* Fed. R. Civ. P. 4(e); *Mellon Bank (East) v. DiVeronica Bros.*, 983 F.2d 551 (3d Cir. 1993). In determining whether this Court may maintain jurisdiction over such a defendant, the Court must first determine whether the exercise of jurisdiction is authorized under the Pennsylvania long arm statute. *See Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 279 (3d Cir. 1994). It must then determine whether it meets the requirements of the Due Process Clause of the United States Constitution. *See id.*

Under the Pennsylvania long-arm statute, jurisdiction may be exercised over a person "to the fullest extent allowed under the Constitution of the United States and may be based on the

most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Stat. Ann. § 5322(b) (Purdon 1981). The reach of the Pennsylvania long-arm statue is therefore coextensive with the Due Process Clause of the United States Constitution. *See Dollar Savings Bank v. First Security Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984). Because Pennsylvania's long arm statute is coextensive with the limits of due process, the two inquiries collapse into one single inquiry -- whether jurisdiction comports with due process. *See Lawman Armor Corp. v. Simon*, 319 F.Supp.2d 499, 502 (E.D. Pa. 2004).

The Due Process limit to the exercise of personal jurisdiction is defined by a two-prong test. *See Highmark*, 304 F.Supp.2d at 665. First, the defendant must have made constitutionally sufficient "minimum contacts" with the forum state. *See id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). If minimum contacts are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Mellon Bank (East) PSFS, N.A. v. Farino*, 960 F.2d 1217, 1222 (3d Cir. 1992)). If a defendant raises the defense of lack of personal jurisdiction, the plaintiff has the burden of proving that jurisdiction against that defendant is proper. *See Mellon Bank*, 983 F.3d at 554.

The federal court has articulated certain factors to determine whether the exercise of personal jurisdiction over a non-resident defendant comports with due process. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995). The factors are: (i) whether the defendant "purposefully directed" its activities at residents of the forum; (ii) whether the claim "arises out of or relates to" the defendant's activities in the forum; and (iii) whether the exercise of jurisdiction is "reasonable and fair." *Id.* Random, fortuitous or attenuated contacts with the forum are insufficient to support the exercise of personal jurisdiction. *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 475 (1985). The plaintiff must therefore demonstrate that either the defendant has "continuous and systematic contacts" with the forum state (implicating the exercise of general jurisdiction); or that the cause of action arose from the defendant's forum-related activities (implicating the exercise of specific jurisdiction). *See id.*

In this case, the facts reveal that Defendant McBride, a Delaware resident, does not have any continuous or systematic contacts with Pennsylvania. Further, the cause of action does not arise from any forum-related activities. Thus, Plaintiff cannot meet its burden of proving that jurisdiction is proper against Defendant McBride, and the Complaint must be dismissed against her for lack of personal jurisdiction.

### A. The Exercise of General Jurisdiction is Not Proper.

Unlike specific jurisdiction, general jurisdiction is premised on the defendant's relationship with the forum state, rather than on particular contacts with the plaintiff. *Molnlycke Health Care AB v. Dumex Medical Surgical*, 64 F.Supp.2d 448, 450 (E.D. Pa. 1999). A court may exercise personal jurisdiction over a nonresident defendant where the defendant has had "continuous and systematic general business contacts" with the forum state. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). A plaintiff must show "significantly more than mere minimum contacts" to establish general jurisdiction. *Provident Nat'l Bank v. California Fed. Savings and Loan Association*, 819 F.2d 434, 437 (3d Cir. 1987). McBride has had no such contacts with the Commonwealth of Pennsylvania.

In *Helicopteros*, in holding that there were insufficient contacts with Texas to support a Texas state court's exercise of general jurisdiction over the nonresident corporate defendant, the Supreme Court noted that

> [Defendant] never has been authorized to do business in Texas and never has had an agent for the service of process with the State. It never has performed

> helicopter operations in Texas or sold any product that reached Texas, never solicited business in Texas, never signed any contract in Texas, never had any employee based there, and never recruited an employee in Texas. In addition, [defendant] never has owned real or personal property in Texas and never has maintained an office or establishment there. [Defendant] has maintained no records in Texas and has no shareholders in that State.

*Helicopteros*, 466 U.S. at 411. *Helicopteros* is precisely on point. Here, as in *Helicopteros*, McBride has not had the "continuous and systematic general business contacts" with the forum state to the extent necessary to support the exercise of personal jurisdiction in this Court. McBride does not maintain her office or place of business in the Commonwealth of Pennsylvania. McBride Dec. ¶ 2. She has never had a registered agent for service of process in Pennsylvania. Nor does she maintain any address, either business or personal, in Pennsylvania. *Id.* ¶ 2.

Plainly, here, as in *Helicopteros*, defendant McBride entirely lacks the "continuous and systematic" business contacts with the forum state to satisfy due process requirements. Indeed, McBride's contacts with Pennsylvania are even fewer than the contacts held to be insufficient by the Supreme Court in *Helicopteros* to support the exercise of personal jurisdiction. *See Helicopteros*, 466 U.S. at 411.

### B.    The Exercise of Specific Jurisdiction is Not Proper.

A court may also exercise personal jurisdiction over a nonresident defendant where the cause of action arises from the defendant's forum-related activities. *See Mellon Bank*, 983 F.3d at 554. Specific jurisdiction exists only where the defendant has had sufficient "minimum contacts" with the forum state such that the defendant "should reasonably anticipate being haled into court there." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). There must be some act by which the defendant purposefully availed himself of the

privilege of conducting activities in the forum. *Burger King*, 471 U.S. at 472; *see also Mellon Bank*, 983 F.2d at 554.

The facts of this case demonstrate beyond cavil that specific jurisdiction cannot properly be exercised over Defendant McBride. McBride has not availed herself in any way of the privilege of conducting activities in Pennsylvania. As previously noted, McBride is a resident of and maintains her business in the State of Delaware. McBride Dec. ¶ 1. She has not conducted any purposeful acts in or towards the Commonwealth of Pennsylvania to fairly subject her to jurisdiction there. McBride has not collected cord blood in Pennsylvania since May 27, 2003. *Id.* ¶ 4. As McBride does not conduct her business in Pennsylvania, Plaintiff's claims necessarily cannot arise out of or relate to her activities there. Thus, there is no proper basis to assert jurisdiction upon her. *See Max Daetwyler Corp.*, 762 F.2d at 298 (noting lack of minimum contacts to support jurisdiction in Pennsylvania when defendant had not sold any products in that state and did not have any direct contacts with the state); *Visual Security Concepts, Inc. v. KTV, Inc.*, 102 F.Supp.2d 601 (E.D. Pa. 2000) (finding failure of minimum contacts where, *inter alia*, company was not licensed to do business in Pennsylvania, had no office, agent or bank account in Pennsylvania and did not sell or deliver products to or through Pennsylvania).

## Conclusion

For all of the foregoing reasons, it is clear that McBride does not have sufficient contacts with the Commonwealth of Pennsylvania such that the exercise of jurisdiction is proper against her. Therefore, the Complaint should be dismissed against Defendant McBride for lack of personal jurisdiction.

Respectfully submitted,

/s/ James J. Rodgers

James J. Rodgers (PA Id. 21635; JR797)
Evelyn McConathy (PA Id. 68299)
Darryl W. Shorter (PA Id. 87554)
Dawn N. Zubrick (PA Id. 90732)
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7143
Attorneys for Defendant
Molly McBride, MD

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2004, a true and correct copy of the foregoing Defendant McBride's Motion to Dismiss and Memorandum of Law in Support of Defendant McBride's Motion to Dismiss were served by first class mail on the following counsel of record:

> Michael D. LiPuma, Esq.
> Two Penn Center
> Suite 200
> Philadelphia, PA  19103
>
> Paul J. Andre, Esquire
> Perkins Coie, LLP
> 101 Jefferson Drive
> Menlo Park, CA  94025

James J. Rodgers (PA Id. No. 21635)

556479_1

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHARMASTEM THERAPEUTICS, INC.,  )
)
      Plaintiff,  )
)
v.  )  Civil Action No. 2:04-CV-03561-RK
)
CORCELL, INC., et al.,  )
)
      Defendants.  )

### Declaration of Molly McBride, M.D.

MOLLY McBRIDE, M.D., hereby declares, under penalty of perjury, as follows:

1. I am an obstetrician/gynecologist practicing as part of All About Women Obstetrics and Gynecology, which has its offices in Newark, Delaware. I have practiced medicine exclusively in the State of Delaware for approximately 4 ½ years.

2. I am a resident of Wilmington, Delaware, and I do not maintain either a place of business or personal address in Pennsylvania.

3. When my daughter was born in February, 2003, her umbilical cord blood was collected at the time of her birth, and stored through CorCell, Inc.

4. I have not collected umbilical cord blood within the State of Pennsylvania at any time since May 27, 2003.

5. On occasions when I have collected umbilical cord blood at the request of patients who wish to have it stored, my only role is to collect the blood in the kit provided to me. Our practice makes a charge to the patient for the service of collection. Neither I nor my practice has any economic relationship with CorCell or any other cord blood bank.

6. I have never sold umbilical cord blood.

55222_2

7.  I have never performed any services with regard to the processing or storage of umbilical cord blood.

8.  I have not infused into a human patient stem cells derived from umbilical cord blood, or played any role with respect to a cord blood transplant.

9.  To my knowledge, no cord blood specimen that I have collected has ever been transplanted into a human patient.

Dated: September 16, 2004

Molly McBride, M.D.

55222_2