UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>CORCELL, INC., a Delaware corporation, MOLLY MCBRIDE, MD, an individual, and CARLO M. CROCE, MD, an individual,<br><br>        Defendants. | Civil Action No.:2:04-CV-03561-RK |

**PLAINTIFF PHARMASTEM THERAPEUTICS, INC. 'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF DEFENDANTS MOLLY MCBRIDE, M.D. AND CARLO M. CROCE, M.D. TO SET ASIDE ENTRY OF DEFAULT.**

Plaintiff PharmaStem Therapeutics, Inc. ("Plaintiff" or "PharmaStem") submits this memorandum in opposition to the motion of defendants Molly McBride, M.D. ("McBride") and Carlo Croce, M.D. ("Croce")(collectively "defendants") to set aside the clerk's September 8, 2004 entry of defaults against McBride and Croce. The defendants failed to respond to PharmaStem's properly served complaint for patent infringement ("Complaint"), or to appear in the above-captioned case, within the time period required under the Federal Rules of Civil Procedure. Their purported reasons for failing to respond to the Complaint evidence a disregard for the federal rules and the rules of this Court. Their lack of any meritorious defense to PharmaStem's infringement claims, and the prejudice to PharmaStem that would result if the Court vacates the entry of judgment, favor denial of the defendants' request to set aside the entry of default.

The defendants should not be allowed to continue to infringe PharmaStem's patent by simply avoiding the law altogether. Because PharmaStem has important and substantial rights at

stake in the present action, a default judgment of liability should be entered against each of the defendants. Moreover, the Court should not hesitate to impose a permanent injunction to prevent defendants from continuing infringing activities, and to award attorney's fees and costs to PharmaStem. In the alternative, if the Court grants defendants' motion to set aside the entry of default against the defendants, the defendants should bear the attorney's fees and expenses associated with obtaining the default and resisting the motion to set aside the default.

## STATEMENT OF FACTS

### A. Infringement by the Defendants

PharmaStem's predecessor company pioneered the field of cord blood banking and, in doing so, sought and obtained several patents. One such patent, U.S. Patent No. 6,569,427 (the "'427 Patent") is directed to a method of using and storing cryopreserved compositions of fetal or neonatal hematopoietic stem and progenitor cells obtained from the umbilical cord or placental blood of a newborn human ("cord blood") for therapeutic uses. PharmaStem sued the defendants for infringing the '427 Patent because they have collected cord blood which CorCell, Inc. ("CorCell"), or any other unlicensed cord blood bank, processed, cryopreserved and stored for future therapeutics uses, and have promoted the cord blood services offered by the bank.[1]

Defendant McBride has collected cord blood using a collection kit provided by an unlicensed cord blood bank, such as CorCell. On CorCell's website, McBride promotes CorCell's cord blood banking service by stating "I am always able to get more than an adequate sample of cord blood with your kit." LiPuma Decl., Exh. E. Defendant Croce "saved [his] own

---

[1] *See* Exhibit F to Declaration of Michael D. LiPuma attached to PharmaStem's Motion For Default Judgment (Docket No. ("D.I." 7)("LiPuma Decl.").

100704/1604318[brf in opp to mot to set aside def.DOC]

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

child's cord blood." *Id.* He also serves on CorCell's Scientific and Medical Advisory Board and has promoted CorCell's cord blood banking service by stating "And I was particularly impressed with how easy CorCell made the collection. Their procedure and blood storage facility is, in my opinion, the best in the profession." *Id.*

When CorCell receives the cord blood collected by physicians, the cord blood is processed, cryopreserved, and stored by the unlicensed cord blood banks for future therapeutic use. As a result, the defendants have been, and continue to infringe, the '427 Patent and will continue to do so until enjoined by the Court. Furthermore, the defendants' infringement of the '427 Patent has been, and continues to be, willful and deliberate, and has injured and continues to injure PharmaStem.

   **B. Service of Process of the Complaint on the Defendants.**

PharmaStem filed the Complaint against defendants McBride and Croce, and CorCell on July 28, 2004. D.I. 1. CorCell was properly served on August 3, 2004. D.I. 3. On August 12, 2004, PharmaStem personally served Croce with the summons and Complaint. Declaration of Richard Scollon attached hereto ("Scollon Decl."), ¶¶2-5; LiPuma Decl., ¶3; Exh. A. The process server declared that he personally handed the papers to a man identified as "Dr. Croce" and Croce took the papers, looked at them and said "okay." Scollon Decl., ¶5. A "return of service" was filed declaring the same and was entered in this Court's docket on August 19, 2004. D.I. 3. Croce also received a copy of the Complaint from his attorney in mid-August 2004. Declaration of Carlo M. Croce attached to defendants' motion to set aside entry of default (D.I. 8)("Croce Decl."), ¶2.

On August 13, 2004, McBride was properly served with the summons and Complaint. LiPuma Decl. at ¶4; Exh. B. A "return of service" was filed declaring that the summons and

Complaint issued upon McBride was served at 620 Stanton-Christiana Road, Newark, Delaware, and "was accepted by Amber L. (Cust. of Rec.)." LiPuma Decl., Exh. B; D.I. 3. The returned summons was entered in this Court's docket on August 19, 2004. D.I. 3.

Lum is presently employed as the receptionist at the medical office All About Women Obstetrics and Gynecology and works in the same office as McBride. Declaration of Amber Lum attached to defendants' motion to set aside entry of default (D.I. 8)("Lum Decl."), ¶1. Lum is authorized to accept packages for the medical office. D.I. 8 at 7. Lum signed for the Complaint on behalf of McBride. Lum Decl., ¶2; Declaration of Thomas A. Mieszala attached to defendants' motion to set aside entry of default (D.I. 8)("Mieszala Decl."), ¶2. Lum declares that she did not know what the package was, nor did she know what to do with the package. Lum Decl., ¶3. Lum then gave the package to All About Women's Practice Administrator, Thomas A. Mieszala ("Mieszala"). Lum Decl., ¶4. At that time, Mieszala advised McBride that a package had been received relating to the PharmaStem litigation and McBride did not see or review the contents of the package. Mieszala Decl., ¶¶3-4. Assuming that McBride's counsel was taking care of the matter, Mieszala placed the package in a file drawer and did not discuss the package or review the package until September 13, 2004, when McBride's counsel informed them that a default had been entered against McBride. Mieszala Decl., ¶5. McBride received a copy of the Complaint from her counsel in late August 2004. Declaration of Molly McBride attached to defendants' motion to set aside entry of default (D.I. 8)("McBride Decl."), ¶1.

### C. Default Entered Against Defendants For Failure to Timely Respond To PharmaStem's Complaint.

The defendants never appeared before this Court nor explained their failure to answer or defend against PharmaStem's Complaint prior to the instant motion. LiPuma Decl., ¶ 7. On September 8, 2004, PharmaStem requested and was granted an entry of default against McBride

and Croce by Order of this Court. LiPuma Decl., ¶ 8; Exhs. C and D.  PharmaStem then filed a motion for default judgment of liability against McBride and Croce pursuant in order to clear the way to enjoin the defendants from continuing to infringe the '427 Patent, and to seek such other relief as pled in the Complaint and that this Court may deem proper and just.  D.I. 7.

The defendants now claim that they were not properly served with the Complaint and that the clerk's entry of default against them should be vacated.  Croce claims that "he was not personally served with a copy of the summons and complaint on August 12, 2004, or at any other time." Croce Decl., ¶4.  McBride also claims that she "was not personally served with a copy of the summons and complaint on August 13, 2004, or at any other time."  McBride Decl., ¶4. McBride and Croce have simultaneously filed a motion to dismiss the Complaint for lack of personal jurisdiction and an answer to the Complaint, respectively.  D.I. 10 and 9.

The defendants did not contest PharmaStem's service of process until the filing of this motion to set aside the entry of default.  In their motion, the defendants attempt to mislead the Court by stating that PharmaStem knew that the defendants were not served, and that knowledge counters the defendants' alleged culpable conduct in not timely responding to the Complaint. D.I. 8 at 3 and 10.  In fact, on August 16, 2004, counsel for the defendants and CorCell, Jim Rodgers, contacted PharmaStem's counsel, Paul Andre, for an extension to respond to the Complaint for CorCell *only*, and not for defendants Croce and McBride.  Exh. 1 attached to defendants' motion to set aside default.  Mr. Rodgers further commented "I don't think the individual defendants have been served yet, anyway." *Id.*  PharmaStem's counsel, Paul Andre, responded to Mr. Rodger's request for an extension for CorCell by stating "Sure, whatever time you need (within reason) is fine." *Id.*  A plain reading of this simple email correspondence demonstrates, and contrary to defendants' misrepresentations, that Mr. Andre never "expressed

his understanding that the individual defendants had not been served at that time." D.I. 8 at 3. Moreover, Mr. Andre was not required to comment on Mr. Rodger's thoughts on service on the defendants, or lack thereof, and "dispute the absence of service upon the individual defendants." D.I. 8 at 10.

Just three days after this email encounter, a docket entry identifying that the return of service for McBride and Croce was entered on August 19, 2004. PharmaStem did not hear from defendants' counsel after that date to request an extension to respond to the Complaint, nor to challenge PharmaStem's allegedly improper service of process, until now. On August 23, 2004, a stipulation was signed by counsel for PharmaStem and CorCell and filed, thereby extending CorCell's time to answer the Complaint to September 20, 2004. D.I. 4. Nowhere in this stipulation were defendants Croce and McBride mentioned and as such, defendants Croce and McBride were required to respond to the Complaint by September 1 and 2, 2004, respectively.

## ARGUMENT

**A.    Service On The Defendants Was Proper.**

Service on both defendants comports with the requirements set forth in the Federal Rules of Civil Procedure and relevant state law. Fed. R. Civ. P. 4(e)(1) provide in pertinent part for personal service pursuant to the law of the state in which the district court is located or in which service is effected. Therefore, service is proper if it comported with the requirements of the Federal Rules of Civil Procedure or the Pennsylvania Rules of Civil Procedure, which is the state in which this Court is located.

**1.   Croce was properly served.**

Under the Pennsylvania Rules of Civil Procedure, service upon an individual is proper by "handing a copy to the defendant." Pa. R. Civ. P. 402(a)(1). Contrary to the Croce's declaration

that he was never served, process server Scollon plainly states in his declaration and in the "return of service" that the Complaint and summons were personally served upon Croce at 233 S. 10th St., Philadelphia, Pennsylvania.  Scollon Decl., ¶¶2-5; LiPuma Decl., ¶3, Exh. A.  The process server declared that he personally handed the papers to a man identified as "Dr. Croce" and Croce took the papers, looked at them and said "okay."  Scollon Decl., ¶5.  Moreover, there is little doubt that Croce had notice of the Complaint when it was served.  Croce admits receiving a copy of the Complaint from his counsel in *mid-*August 2004.  Croce Decl., ¶2 (emphasis added).  Thus, Croce was properly served under the Pennsylvania Rules of Civil Procedure.

**2. McBride was properly served.**

Pennsylvania Rules of Civil Procedure also allow for service of process by handing a copy "at office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."  Pa. R. Civ. P. 402(a)(2)(iii).  On August 13, 2004, McBride was properly served with the summons and Complaint.  LiPuma Decl. at ¶4; Exh. B.[2]  A "return of service" was filed declaring that the summons and Complaint issued upon McBride was served at 620 Stanton-Christiana Road, Newark, Delaware, and "was accepted by Amber L. (Cust. of Rec.)", *i.e.* Amber Lum ("Lum"), the custodian of record.  LiPuma Decl., Exh. B.

Lum is the receptionist at All About Women, the Delaware medical office where McBride practices.  Lum Decl., ¶1. The purported reason for improper service advanced by McBride appears to be that Lum is not the person in charge in accordance with Pa. R. Civ. P. 402(a)(2)(iii).  D.I. 8 at 7.

---

[2] In addition to the instant motion, McBride filed a motion to dismiss the Complaint for lack of personal jurisdiction.  She did not move to quash service nor did she move to dismiss the Complaint for insufficient service of process.

100704/1604318[brf in opp to mot to set aside def.DOC]

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

Pennsylvania courts have stated that service was proper "where service was made on a receptionist in the defendant's offices and the receptionist represented to the process server that she was the person in charge…." *Cintas Corp. v. Lee's Cleaning Serv., Inc.*, 549 Pa. 84 (1997); There "must be sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it." *Cintas*, 549 Pa. at 96. The facts support that Lum, as a receptionist, was the person in charge and could accept service.

In support of her assertion that Lum, as a receptionist, cannot be considered the "person in charge," McBride omits key facts when describing the Third Circuit's reasoning for finding improper service on a receptionist in *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 486 (3d Cir. 1993). McBride misstates that "service of process on receptionist whose duties included accepting mail and taking telephone messages for defendants was insufficient." D.I. 8 at 7-8. *Grand* actually holds:

> "person for the time being in charge" of any office or usual place of business of the defendants for purposes of Pennsylvania Rule of Civil Procedure 402 must either be an individual with some *direct connection to the party* to be served or one whom the *process server determines to be authorized,* as evidenced by the affidavit of service. A "person for the time being in charge" should either derive or appear to derive authority from the party upon whom service is attempted.
> ….
> If the service requirements of Rule 402(a)(2)(iii) are to be met, we think that the individual receiving process must at least have, or appear to have, some position with the party to be served.

*Grand*, 988 F.2d at 486 (emphasis added). There, the plaintiff served process on a receptionist, who sat in the lobby of a building, who did not work in the offices of the defendants and was not employed by them. Instead, she was a building employee who took messages for tenants while they were out of the office. *Grand*, 988 F.2d at 485. Moreover, the process server was not led to

believe that any special relationship existed between the building receptionist and the defendants. *Id.* at 486. The Third Circuit held that she did not qualify as a "person for the time being in charge" because she didn't have sufficient connection with the defendants. *Grand*, 988 F.2d at 486.

Unlike the building receptionist in *Grand*, Lum unequivocally qualifies as "the person for the time being in charge thereof." Pa. R. Civ. P. 402(a)(2)(iii). Lum is employed by McBride's medical practice. Lum Dec., ¶1. Lum is authorized to accept packages for the medical office. D.I. 8 at 7. Lum signed for the Complaint on behalf of McBride. Lum Decl., ¶2; Mieszala Decl., ¶2. *See In re McElhatton*, 729 A.2d 163, 167 (1999)(receptionist held to be in charge where receptionist was authorized to receive on behalf of the candidate, telephone calls, mail and packages).[3] Moreover, the process server declared that Lum was the custodian of records. LiPuma Decl., Exh. B.

It is irrelevant that the copy of the Complaint and summons for McBride "was the first package [Lum] had ever signed for and [that she] did not know what to do with the package." D.I. 8 at 7; Lum Decl. ¶3. "The purpose behind the Pennsylvania rule on service is to provide notice that litigation has commenced." *Grand*, 988 F.2d at 486. After signing for the package, Lum gave it to the medical office's Practice Administrator, Thomas A. Mieszala ("Mieszala"), who then notified McBride that a package had been received relating to the PharmaStem

---

[3] In fact, Pennsylvania courts have stated that:

> [i]t should not be possible for a defendant to avoid a valid service of original process by the device of placing an office or usual place of business under the control of a… minor employee and thereafter taking the position that such person did not bear a proper relationship to the company so that service upon him or her would be sufficient to assure the requisite notice.

litigation. Lum Decl., ¶4; Mieszala, ¶3. McBride made a choice not to review the contents of the package. Mieszala Decl., ¶4. McBride also received notice from her counsel in late August 2004 that a Complaint had been filed. McBride Decl., ¶1. Thus, despite having notice of the Complaint and being properly served, McBride elected not to take this matter seriously and failed to respond in a timely manner.

**B.       The Clerk's Entry of the Default Against the Defendants Should Not Be Set Aside and a Default Judgment Should Be Entered Against the Defendants.**

Since the defendants were properly served and failed to timely answer or otherwise respond to PharmaStem's Complaint, the September 8, 2004 entry of default against the defendants is proper. Federal Rule of Civil Procedure 55(c) permits the Court to set aside a default entered "for good cause shown." Fed. R. Civ. P. 55(c). This decision "is left primarily to the discretion of the district court." *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).

The Third Circuit articulated four factors which the district court may balance when deciding whether to set aside a default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *$55,518.05*, 728 F.2d at 195 (affirmed denial of claimant's motion to set aside the entry of default); *Kauffman v. Cal Spas*, 37 F. Supp.2d 402, 404 (E.D. Pa. 1999)(motion to set aside default judgment denied). A balancing of the enumerated factors favors the denial of the defendants' motion to set aside the entry of default against the defendants.

---

*Cintas*, 700 A.2d at 920, n.3. Thus, McBride's challenge to the service of process cannot stand.
100704/1604318[brf in opp to mot to set aside def.DOC]

1. **The Defendants' Failure to Respond to the Complaint Constitutes Culpable Conduct.**

Default is appropriate where the defendant displays "flagrant bad faith or callous disregard of the rules." *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 75 (3d Cir. 1987). As demonstrated below, both defendants exhibited culpable conduct and their neglect was inexcusable when they were on notice of the Complaint and knowingly and deliberately chose not to appear until PharmaStem attempted to impose a permanent injunction on them to prevent them from collecting cord blood for cryopreservation for future therapeutic uses. *See Kauffman*, 37 F. Supp.2d at 405 (factor favored refusing to set aside the default judgment where defendant was on notice and chose not to appear until plaintiff attempted to collect damages).

   **a. Croce Had Notice of the Complaint.**

There is little doubt that Croce had notice of the Complaint when he was served and demonstrated "callous disregard" of the federal rules when he chose not to timely respond to the Complaint. It is unclear how Croce can represent to the Court that he "was not personally served with a copy of the summons and complaint on August 12, 2004, or at any other time" because this statement directly contradicts the representations of Scollon, the process server. Scollon declared that he personally served the papers on Croce on August 12, 2004, and that Croce took the papers, looked at them and said "okay." Scollon Decl., ¶¶2-5; LiPuma Decl., ¶3; Exh. A. A "return of service" was filed with the Court on August 19, 2003. D.I. 3.

Croce also received a copy of the Complaint from his attorney in *mid-*August 2004 (Croce Decl., ¶2 (emphasis added)), contrary to Croce's counsel's representation that Croce "first received a copy of the complaint from his counsel in *late* August." D.I. 8 at 3. Thus, Croce knew of the Complaint and chose to disregard it. At no time did Croce seek and extension of time to respond and only responded once the default was entered.

### b. McBride Had Notice of the Complaint.

On August 13, 2004, McBride was properly served with the summons and Complaint by the process server when a copy was handed to and "was accepted by Amber L. (Cust. Of Rec.)" at McBride's medical office. LiPuma Decl. at ¶4; Exh. B; D.I. 3. The "return of service" was entered in this Court's docket on August 19, 2004. D.I. 3. McBride was notified that she was served with a package of materials relating to the litigation. Lum Decl., ¶¶3-4; Mieszala Decl., ¶¶3-4. Even after being informed, McBride chose not to see or review the contents of the package. Mieszala Decl., ¶¶3-4. Furthermore, McBride received a copy of the Complaint from her counsel in late August 2004. McBride Decl., ¶1. At no time did she ask for an extension of time to respond and only responded once a default was entered against her.

### c. Both Croce and McBride Exhibited Culpable Conduct.

Courts have held that a motion for default judgment should be granted if the defendants' culpable conduct led to the default, and that the Court need not consider whether the defendant established a meritorious defense or whether plaintiff would suffer prejudice if the judgment were denied or set aside when the defendant engaged in culpable conduct. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989). A defendant's "conduct is culpable if he has received *actual or constructive notice* of the filing of the action and intentionally failed to answer." *Alan Neuman,* 862 F.2d. at 1392 (emphasis added).

In this case, the defendants' motion to set aside the default should be denied where both defendants, after having actual and constructive notice of the filing of the present action from proper service and their counsel, deliberately avoided answering the Complaint in the belief that they had not been validly served with process. The Court should deny relief to the defendants

because they chose to ignore the service of process. "To permit a defendant to ignore service of process in a belief that the process is invalid and then ask relief when that belief turns out to be mistaken would be intolerable. A defendant who chooses to ignore a purported service of process does so at his own risk." *Paramount Packing Corp. v. H.B. Fuller Co.*, 190 F. Supp. 178 (E.D. Pa. 1960)(denied motion to set aside entry of default where defendant chose to ignore a purported service of process). The defendants' totally unresponsive conduct is culpable and not excusable and they have no reasonable excuse for it. On this basis, PharmaStem is entitled to an entry of default judgment of liability in its favor.

    **2.    The Defendants Lack Meritorious Defenses to PharmaStem's Patent Infringement Claims.**

A meritorious defense is one which "if established at trial, would constitute a complete defense to the action." *$55,518.05*, 728 F.2d at 195. To fulfill this requirement, the defendant's answer and pleadings must raise specific *facts* which would allow him to advance a complete defense. *Kauffman,* 37 F. Supp.2d at 405.[4] To assess this factor, the court may examine the defendant's answer, or if none was filed, the allegations in its motion to set aside entry of default. *Emcaso*, 834 F.2d at 73, *Kauffman*, 37 F. Supp.2d at 405, n.1.

**a. Lack of Meritorious Defenses By McBride.**

McBride has not filed an answer to the Complaint and has not offered any other defenses. Notably, McBride does not argue that she has not infringed and will not infringe the '427 Patent in the future or present any other defenses on the merits of PharmaStem's patent infringement claims. Indeed, McBride cannot deny that she has not collected cord blood that was processed

---

[4] "This is a critical issue because without a meritorious defense, [the defendant] would not win at trial. Therefore, there would be no point in setting aside the default judgment and remanding for a…hearing if [the defendant] could not demonstrate the possibility of [their] winning." *$55,518.05*, 728 F.2d at 195.

and cryopreserved by an unlicensed cord blood bank for future therapeutic uses. On CorCell's website, McBride admits that she has collected cord blood for CorCell and promotes CorCell's cord blood services. LiPuma Decl., Exh. E. Furthermore, Croce and co-defendant CorCell admitted in their answer to PharmaStem's Complaint that McBride collected cord blood which was processed and cryopreserved through an agent or contractor for CorCell. D.I. 9, ¶11.

Since McBride has not filed an answer to the Complaint, the Court must look to her motion to set aside the default for any meritorious defenses on her behalf. *See Emcaso*, 834 F.2d at 73. As described herein, McBride was properly served. Furthermore, as set forth in PharmaStem's opposition to McBride's motion to dismiss incorporated herein in its entirety, this Court has jurisdiction over McBride. McBride has purposefully availed herself to the jurisdiction of this Court by collecting cord blood in Pennsylvania prior to May 2003. McBride Decl. attached to McBride's motion to dismiss (D.I. 10), ¶4. She has collected cord blood using CorCell's collection kit, where the cord blood was sent to CorCell for cryopreservation for future therapeutic uses. McBride took advantage of practicing medicine and doing business in Pennsylvania. She also promotes CorCell's cord blood banking services on CorCell's website. In light of these facts, McBride has a temporal but strong connection to Pennsylvania and she could have reasonably foreseen being haled into court in Pennsylvania. Therefore, McBride does not have a meritorious defense of lack of personal jurisdiction and this factor weighs against setting aside the entry of the default. Thus, McBride lacks any meritorious defenses to PharmaStem's infringement claim.

### b. Lack of Meritorious Defenses By Croce.

Croce has failed to advance complete defenses warranting setting aside the entry of default. Croce filed an answer to the Complaint on September 20, 2004, in conjunction with the

instant motion to set aside the entry of default. D.I. 9. "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05,* 728 F.2d at 195 (affirmed district court's denial of defendant's motion to set aside the default where defendant failed to allege facts sufficient to establish a meritorious defense).

To fulfill this requirement, Croce's answer must raise specific *facts* that go beyond "simple denials and conclusory statements" which would allow him to advance a complete defense to PharmaStem's claim. *$55, 518.05,* 728 F.2d at 195; *Kauffman v. Cal Spas*, 37 F. Supp.2d 402, 405 (E.D. 1999). "These specific facts must go beyond a general denial so that the court has some basis for determining whether the defendant can make out a complete defense." *Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 118 (E.D. Pa. 1996).

Croce's answer sets forth his response and affirmative defenses to PharmaStem's infringement is nothing more than "simple denials and conclusory statements." By simply stating "Denied" to PharmaStem's allegation "Croce has collected Cord Blood which was process, cryopreserved, and stored for future therapeutic use by CorCell and/or its agents," Croce has failed to raise specific facts that go beyond a general denial. D.I. 1, ¶12 and D.I. 9, ¶12. Similarly, Croce continues his pattern of conclusory statements in response to PharmaStem's claim of infringement, contributory and inducement of infringement by simply responding "Denied" and joins CorCell is asserting conclusory affirmative defenses. D.I. 1, ¶18-20 and D.I. 9, ¶¶18-20 and 4-5. Croce does not articulate how he does not infringe the '427 Patent and will not in the future and as such, the Court will be unable to determine whether Croce will be able to advance a complete defense with merit on its face. *See Foy v. Dicks*, 146 F.R.D. 113, 116 (E.D. Pa. 1993)(defendant's answer consisted primarily of simple denials and conclusory statements).

In the motion to set aside the entry of default, Croce states that "has never collected cord blood." D.I. 8 at 8. This statement is demonstrably false. On CorCell's website, Croce admits that he saved his own child's cord blood. LiPuma Decl., Exh. E. Therefore, based on the record, it cannot be stated with certainty that Croce is able to proffer facially meritorious defenses to PharmaStem's claims and as such, this factor weighs against Croce. *Foy*, 146 F.R.D. at 117 (factor weighed in favor of plaintiffs where defendants were unable to proffer facially meritorious defenses).

**3.    PharmaStem Would Be Prejudiced By Vacating the Entry Of Default.**

The Court must now consider whether prejudice would inure to PharmaStem should relief from the default be granted.[5] *Emcasco*, 834 F.2d at 73. This can be shown by the hindered ability to pursue their claims through loss of evidence, increased potential for fraud, or substantial reliance on the default or judgment. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982).

PharmaStem's '427 Patent is entitled to a presumption of validity. 35 U.S.C. §282. PharmaStem's '427 Patent is directed to methods of using cord blood in the therapy of humans. D.I. 1 at ¶9. PharmaStem brought this action against defendants because as physicians, they have collected cord blood which CorCell, an unlicensed cord blood bank, processed, cryopreserved, and stored for future therapeutic use. D.I. 1 at ¶ 11-12. The defendants have been, and continue to infringe the '427 Patent under 35 U.S.C. § 271(b) and (c), and will continue to do so until enjoined by the Court.

---

[5] PharmaStem's Motion For Default Judgment is incorporated herein, particularly as to prejudice by PharmaStem. D.I. 7.

100704/1604318[brf in opp to mot to set aside def.DOC]

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

"[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *H. F Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C. Cir. 1970). Whereas PharmaStem has been diligently prosecuting its suit against defendants, the defendants have been and continue to be completely unresponsive. In this situation, denial of a default judgment prejudices PharmaStem by allowing defendants to continue to infringe PharmaStem's '427 Patent. On this basis, PharmaStem is entitled to an entry of default judgment of liability in its favor.

**4.      An Entry of Default Judgment of Liability Against The Defendants Is The Only Effective Sanction At This Stage In The Proceedings.**

An entry of default judgment of liability against defendants would be the only effective sanction. The default procedure offers a useful remedy to a good faith litigant who is confronted by an obstructionist adversary. Thus, for these and all of the foregoing reasons, PharmaStem is entitled to an entry of default judgment of liability in its favor. *See Kauffman*, 37 F. Supp.2d at 406 (factor weighed in favor of refusing to set aside the default judgment against willfully defaulting commercial party).

In the alternative, if the Court sets aside the entry of default against either or both defendants, the Court must evaluate the effectiveness of alternative sanctions. *Kauffman*, 37 F. Supp.2d at 406. "Courts have issued such sanctions both to compensate Plaintiffs and to discourage such behavior in the future." *Foy,* 146 F.R.D. at 117 (the court imposed a monetary sanction against the defendant where sanction was calculated to compensate plaintiff's counsel for the time and expense they wasted on opposing the motions).

In this case, PharmaStem requests the Court to issue sanctions to reimburse PharmaStem for the expenses that in connection with its Motion for Default Judgment and opposition to the instant motion.  The defendants failed to timely answer PharmaStem's Complaint, and their reasons for their inaction evidence a complete disregard for the federal rules and the rules of this Court.  Due to the defendants' inaction, PharmaStem proceeded to request the Clerk to enter default against defendants in this case.  PharmaStem then sought a default judgment of liability and a permanent injunction against the defendants.  If the Court vacates the entry of default against the defendants, PharmaStem should be reimbursed for the expenses it incurred in prosecuting the motion for default judgment.

At this stage in the proceedings, anything less than default judgment would only serve to condone, if not reward, defendants' inactions.  On this basis, an entry of default judgment of liability against the defendants would be the only effective sanction.  However, if the Court finds otherwise, PharmaStem requests that it be alternative monetary sanctions.  Thus, for these and all of the foregoing reasons, the defendants' motion to set aside the entry of default should be denied.

## CONCLUSION

Because the defendants' were properly served and the facts weigh in favor of entering the default judgment against the defendants, the Court should deny the defendants' motion to set aside the default entered against the defendants and grant PharmaStem's motion for default judgment against the defendants.

DATED: October ___, 2004              By: _____
                                          Michael D. LiPuma, Atty. I.D. #74790
                                          Law Office of Michael LiPuma
                                          Two Penn Center, Suite 200
                                          Philadelphia, PA 19102
                                          Attorneys for Plaintiff
                                          PharmaStem Therapeutics, Inc.


OF COUNSEL:
PAUL J. ANDRE, Bar No. 196585
LISA KOBIALKA, Bar No. 191404
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114
Telephone:  (650) 838-4300
Facsimile:  (650) 838-4350

100704/1604318[brf in opp to mot to set aside def.DOC]

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT