IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHARMASTEM THERAPEUTICS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | No. 04-3561 |
| CORCELL, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 25th day of October, 2004, it appearing that the courts look upon the default procedure with disfavor because the interests of justice are best served though a decision on the merits. <u>Farnes v. Bagnasco</u>, 687 F.2d 761, 764 (3d Cir. 1982).  And it further appearing that Plaintiff will not be prejudiced resulting from the loss of evidence or ability to pursue its claim,[1] that Defendants Molly McBride and Carolo M. Croce have a meritorious defense to Plaintiff's claim,[2] and that Defendants Molly McBride and Carlo M. Croce have not acted willfully, intentionally, recklessly, or in bad faith in failing to respond to the Complaint on

---

[1] Mere delay in satisfaction of a claim is not sufficient prejudice to defeat a motion to set aside default. <u>Emasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 74 (3d Cir. 2004).  Furthermore, as Plaintiff allowed CorCell, Inc. an extension in time to respond to the Complaint, even possible prejudice due to the delay in the individual defendants' response is mitigated by the extension because individual defendants filed their responses contemporaneously with the corporate defendant.

[2] Defendant McBride presents a challenge to the personal jurisdiction of this court and Defendant Croce denies that he has collected "Cord Blood."  These claims, if proven, would completely preclude Plaintiff from recovery.  <u>See</u> <u>Momah v. Albert Einstein Medical Center</u>, 161 F.R.D. 304 (E.D. Pa. 1995).

time,[3] the Court hereby **FINDS** that good cause exists to set aside the default. See Momah v. Albert Einstein Medical Center, 161 F.R.D. 304 (E.D. Pa. 1995).

**IT IS THEREFORE ORDERED** that:

1. Defendants', Molly McBride, M.D., and Carlo M. Croce, M.D., Motion to Set Aside Default (Doc. No. 8) is hereby **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 55(c) the Clerk's entry of default against Defendants Molly McBride, M.D., and Carlo M. Croce, M.D., is hereby set aside.

3. Defendant Molly McBride's Motion to Dismiss and Defendant Carlo M. Croce's Answer and Affirmative Defenses are deemed timely filed.

**IT IS FURTHER ORDERED** that Plaintiff Pharmastem Therapeutics, Inc.'s Motion for Default Judgment as to Defendants Molly McBride and Carlo M. Croce (Doc. No. 7) is hereby **DENIED AS MOOT**.

BY THE COURT:

_____
Robert F. Kelly,           Sr. J.

---

[3] Although Defendants McBride and Croce may be negligent in failing to respond on time, their actions do not rise to the level of culpability that would prevent the excusal of their error. See id. At least part of that error may be attributed to Defendants' counsel, who represented to the Court that he believed that an extension of time was granted as to all defendants and filed responses accordingly. See Interior Finish Contractors Assoc. v. Drywall Finishers Local Union No. 1955, 625 F. Supp. 1233, 1239 (E.D. Pa. 1985).