IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHARMASTEM THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:04-CV-03561-RK |
| | ) | |
| CORCELL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF DEFENDANTS FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Defendants CorCell, Inc., Molly McBride, M.D. and Carlo Croce, M.D. hereby move this Court for leave to submit the attached Reply Brief in Support of their Motion to Stay Proceedings pending the action of the Judicial Panel on Multidistrict Litigation motion to transfer this case for pretrial proceedings, *In re PharmaStem Therapeutics, Inc. Patent Litigation*, MDL No. 1660.

The responses submitted by PharmaStem Therapeutics, Inc. and Nicholas Didier raise matters which require further response. This includes a selective citation to the *Manual for Complex Litigation, Fourth*, as well as a mischaracterization of the relationship between issues raised in motions to dismiss in this and in related cases. In addition, there are additional procedural developments that are relevant to the motion. These include the dismissal of Stembanc, Inc. from the action, and the scheduling of a hearing before the Judicial Panel on Multidistrict Litigation on its January calendar.

566891_1

Respectfully submitted,

[signature]

James J. Rodgers (PA ID No. 21635; JR797)
Darryl W. Shortet (PA ID No. 87554)
Dawn N. Zubrick (PA ID No. 90732)
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(215) 575-7000
Attorneys for Defendants

Dated: December 15, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:04-CV-03561-RK |
| CORCELL, INC., et al., | ) ) ) |
| Defendants. | ) |

### ORDER GRANTING MOTION OF DEFENDANTS FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS

AND NOW, this ___ day of December, 2004, it is hereby ORDERED that defendants' motion for leave to file a reply brief in support of their motion to stay proceedings is GRANTED, and the Reply Brief attached to the motion as Exhibit A is deemed filed.

_____, J.

566891_1

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHARMASTEM THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:04-CV-03561-RK |
| | ) | |
| CORCELL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Defendants CorCell, Inc., Molly McBride, M.D. and Carlo Croce, M.D. respectfully submit this reply brief in support of their motion to stay proceedings in this action pending the decision of the Judicial Panel on Multidistrict Litigation on the motion to transfer this case for pretrial proceedings, *In re PharmaStem Therapeutics, Inc. Patent Litigation*, MDL No. 1660.

Since the filing of the motion to stay and the responses thereto, CorCell has voluntarily dismissed its counterclaim against Stembanc, Inc. Accordingly, Stembanc is no longer a party to this action, and its response to the motion to stay need not be considered. In addition, the Panel has listed this matter for hearing on its January, 2005 calendar. A copy of the relevant portions of the Panel's hearing calendar notice is attached hereto as Exhibit A.

### The Pendency of Similar Claims and Similar Motions in Other Cases Favors a Stay Pending Action by the Multidistrict Litigation Panel

PharmaStem cites the *Manual for Complex Litigation, Fourth*, § 20.131 to support its argument that proceedings in this Court should not be stayed pending the disposition of the motion before the JPML. However, the Manual merely states that a stay should not be granted *automatically*, and that it *may* be appropriate to address preliminary matters such as motions to dismiss. The Manual also states: "A stay pending the Panel's decision can increase efficiency

566891_1

and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." *Manual*, §22.35 at 371. This is such a case.[1]

In this case, the allegations of the counterclaims asserted by CorCell in this case closely parallel not only the allegations in the action pending in Delaware brought by ViaCell, Inc., Cryo-Cell International, Inc. and CorCell against PharmaStem,[2] but also the counterclaims brought in the Northern District of California by CBR Systems, Inc. against PharmaStem and Didier.[3] Motions to dismiss those claims have been filed in Delaware and California. The very same conduct of PharmaStem and Didier underlies each of those claims and motions.[4] Under those circumstances, the risk of inconsistent adjudications and a waste of judicial resources should all three courts proceed to a decision on the motions to dismiss is manifest.[5]

The situation presented by Dr. McBride's motion to dismiss for lack of personal jurisdiction is quite different from the motions of PharmaStem and Didier to dismiss the claims against them under Rule 12(b)(6). If her motion is granted, Dr. McBride will be out of this case

---

[1] PharmaStem and Didier attached to their Answer to the Motion to Stay a copy of the Memorandum they filed with the Judicial Panel on Multidistrict Litigation. To complete the information available to this Court, a copy of defendants' Reply, filed November 30, 2004 with the Judicial Panel on Multidistrict Litgation, is attached hereto as Exhibit B.

[2] A copy of the Amended Complaint in *ViaCell, Inc. et al. v. PharmaStem Therapeutics, Inc.*, Civil Action No. 04-1335 (GMS)(D. Del.) is attached hereto as Exhibit C.

[3] A copy of the Answer and Counterclaims of CBR Systems, Inc, in. *PharmaStem Therapeutics, In. v. CBR Systems, Inc.*, No. 04-3072 PVT (N.D. Cal.) is attached hereto as Exhibit D.

[4] While PharmaStem argues in its footnote 3 that different law will govern the disposition of the counterclaims in various cases, that is far from clear. Indeed, it may be appropriate that a single court apply a single set of state law principles to what is essentially a unitary course of conduct by PharmaStem and Didier that had effect around the country.

[5] As the Manual states: "the pendency of motions raising questions common to related actions can itself be an additional justification for transfer." *Manual for Complex Litigation, Fourth*, § 20.131 at 22.

and, unless sued again in a new complaint, out of the litigation altogether.[6] Her motion is the kind of motion that is appropriate for disposition pending the Panel's action, where the facts are unique to the moving party, and not common to the other related cases, and where she can be dismissed without the necessity of putting that issue of Pennsylvania law before the transferee Court.

### The Period of the Stay Will be Limited, and PharmaStem Will Suffer No Prejudice.

PharmaStem inaccurately portrays the requested stay as "indefinite." In fact, while the precise date on which such a stay would end is undetermined, the stay would be directly tied to the action of the Multidistrict Panel, which may reasonably anticipated to take place in late winter or early spring of 2005.[7] The Panel has scheduled the motion for consideration on its January hearing calendar.

The argument of "prejudice" put forth by PharmaStem and Didier is without merit. Because the instant case involves the same allegations of patent infringement, and counterclaims based on the same conduct of PharmaStem and Didier in attempting to enforce PharmaStem's patents beyond their scope, it involves virtually the same factual basis as the other cases that are the subject of the motion before the Panel. It would be wasteful to engage in piecemeal initial disclosures at this point in time.

PharmaStem and Didier claim prejudice by reason of the delay in the disposition of their motions to dismiss. As noted above, they will continue to be involved in this litigation, which they instigated, regardless of this Court's rulings on their motions.

---

[6] As set forth in Dr. McBride's Supplemental Memorandum in Support of her motion to dismiss, and demonstrated in her deposition testimony attached thereto, there never was any basis for bringing her into this suit.

[7] Judge Moody in the Middle District of Florida imposed a stay of 120 days, until March, to allow the Panel to make its decision, subject to revisiting the issue at that time if the Panel has not acted. Defendants would be agreeable to a similar approach, i.e., a stay until the earlier of March 15, 2005 or until the action of the Panel, without prejudice to renewal of the stay if a decision appears imminent.

566891_1                                3

PharmaStem also claims prejudice in that delay of "enforcement of the rights it has been granted by the U.S. Patent and Trademark Office." The '645 patent, one of the patents asserted in this case, issued on October 8, 2002. PharmaStem took no action to enforce it until July 28, 2004. Accordingly, the claim of prejudice by delay rings hollow. If PharmaStem is correct in its allegations of infringement, it will be entitled to collect damages, in the form of a reasonable royalty, from the defendants, and that right to recover damages will not be impaired by the length of time that is required to litigate the case. A delay of several months will simply increase the amount of damages which will be awarded to PharmaStem, if it ultimately should prevail.

PharmaStem's claim of undue burden on the transferee court is disingenuous at best. If this case is transferred to Delaware, it will have the benefit of a trial judge who is well versed in the technology and the related patents, as well as familiar with issues relating to the conduct of Didier and PharmaStem in threatening enforcement of those patents. Since the filing of the motion to stay and PharmaStem's response, in a December 7, 2004 telephone conference, Judge Sleet has advised the parties of his intention to grant the defendants' motion for partial reconsideration of his post-trial rulings, to the extent of granting judgment in favor of the defendants on the '681 patent, as well as the '553 patent. Accordingly, there will be no retrial on the '681 patent (unless ultimately ordered by the Federal Circuit on appeal). Judge Sleet will be able to devote his resources to resolution of the current disputes over the '645 and '427 patents, as well as the disputes over the conduct of Didier and PharmaStem in threatening physicians and others with infringement liability with respect to all of PharmaStem's patents.[8]

---

[8] To the extent that the Panel should grant PharmaStem's wish and assign the consolidated litigation to any judge other than Judge Sleet for pretrial proceedings, the arguments in Section C of PharmaStem's brief will be moot.

566891_1                                    4

## A Stay Should Be Granted Until the Panel Rules.

Defendants' motion to stay should be granted. A stay for the limited period of a few weeks needed to secure a ruling from the JPML is required to avoid unnecessary duplication of effort by the Court and the parties, and no party will be prejudiced thereby. A decision on Dr. McBride's motion to dismiss for lack of personal jurisdiction would not be inconsistent with this request.

Respectfully submitted,

*/s/ James J. Rodgers*

James J. Rodgers (PA ID No. 21635; JR797)
Darryl W. Shorter (PA ID No. 87554)
Dawn N. Zubrick (PA ID No. 90732)
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(215) 575-7000
Attorneys for Defendant and Counterclaim-Plaintiff, CorCell, Inc.

Dated: December 15, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2004, a true and correct copy of the foregoing was served by first class mail on the following counsel of record:

Michael D. LiPuma, Esq.
Two Penn Center
Suite 200
Philadelphia, PA  19103

Paul J. Andre, Esquire
Perkins Coie, LLP
101 Jefferson Drive
Menlo Park, CA  94025

_____ JR797
James J. Rodgers (PA Id. No. 21635)